UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MANN LEWIS, JR.,

       Petitioner,

v.                                                                         Case No. 2:04-cv-202
                                                                           HON. RICHARD ALAN ENSLEN
GERALD HOFBAUER,

       Respondent.
_____/

MANN LEWIS, JR.,

       Petitioner,

v.                                                                         Case No. 2:04-cv-277
                                                                           HON. RICHARD ALAN ENSLEN
GERALD HOFBAUER,

       Respondent.
_____/


## REPORT AND RECOMMENDATION

Petitioner Mann Lewis, Jr., was convicted by a jury of third-degree criminal sexual

conduct, habitual third, and was sentenced to 80 to 120 months imprisonment in September 1988.

Petitioner was also convicted by a jury of first-degree criminal sexual conduct, habitual third, and

was sentenced to 120 to 300 months imprisonment in February 1990. Petitioner filed petitions for

writs of habeas corpus challenging the validity of prison misconduct convictions. Petitioner

maintains that his misconduct convictions were obtained in violation of his federal rights. Petitioner

claims that the alleged deprivations of due process have affected the duration of his incarceration.

Petitioner's administrative appeals were denied.

Petitioner then filed claims for judicial review in the state circuit courts.  However,

Petitioner's applications were rejected by the court clerks under Mich. Comp. Laws § 600.2963(8)

because Petitioner was proceeding *in forma pauperis* and had a prior account balance as to a

previous lawsuit, precluding Petitioner from filing new state court proceedings until he paid off his

balance due.  Mich. Comp. Laws § 600.2963(7) and (8) state:

> (7)  For purposes of this section, the fact of a prisoner's incarceration
> cannot be the sole basis for a determination of indigency. However,
> this section shall not prohibit a prisoner from commencing a civil
> action or filing an appeal in a civil action if the prisoner has no assets
> and no means by which to pay the initial partial filing fee. If the court,
> pursuant to court rule, waives or suspends the payment of fees and
> costs in an action described in subsection (1) because the prisoner has
> no assets and no means by which to pay the initial partial filing fee,
> the court shall order the fees and costs to be paid by the prisoner in
> the manner provided in this section when the reason for the waiver or
> suspension no longer exists.
>
> (8) A prisoner who has failed to pay outstanding fees and costs as
> required under this section shall not commence a new civil action or
> appeal until the outstanding fees and costs have been paid.

I filed a Report and Recommendation to dismiss this case because Petitioner never exhausted his

claims in the state courts, had received due process in his misconduct hearing and administrative

appeals, and his misconduct guilty finding was supported in the record.  The Court issued an order

on June 1, 2007, finding that:

> The Report and Recommendation is substantially correct in that the
> record does not show **as to the bulk of the claims asserted** that
> Petitioner's constitutional rights to due process during a prison
> misconduct hearing were violated by prison officials.
> Notwithstanding, the Court also finds that remand to the Magistrate
> Judge for additional findings and a possible evidentiary hearing is
> necessary on one issue pursuant to Western District of Michigan
> Local Civil Rule 72.3(b). . . .  Petitioner's assertion, as well as his
> claim in his Amended Petition that he was "black listed from seeking

redress . . . on account of petitioner's indigent status . . . [,]" Am.
Pet. 3, are sufficient to raise the issue of whether Petitioner's First
Amendment rights of access to the courts were denied by the state
court's rejection of his habeas challenges.

In the opinion of the undersigned, an evidentiary hearing is not necessary because a

claim for denial of access to the courts is not appropriate in the context of a petition for writ of

habeas corpus.  Even if Petitioner could establish that his access to the courts rights were violated,

Petitioner has failed to name a proper party.  Respondent Gerald Hofbauer have no authority or

control over state court employees.  There exists several reasons why a court should not convert a

petition for a writ of habeas corpus to a civil rights actions under 42 U.S.C. § 1983.  Just as a

challenge to the fact or duration of confinement should be brought as a petition for habeas corpus

and is not the proper subject of a civil rights action brought pursuant to § 1983, a violation of a civil

right should not be brought in a petition for a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411

U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the

legality of that custody and the traditional function of the writ is to secure release from illegal

custody).  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal

is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of

confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983

action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S.

477 (1994), (2) differing defendants with different defenses available, (3) differing standards of §

1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or

successive petition doctrine or three-strikes rules of § 1915(g)).  Allowing Petitioner to bring this

claim against Respondent Gerald Hofbauer instead of the actual clerks who rejected his state court

applications or the appropriate court or official does not provide for full judicial review.  Respondent

Gerald Hofbauer clearly did not deny Petitioner's access to the courts.  Respondent Gerald Hofbauer

have no interest in the state courts or the policies of the courts.  Conversely, the state courts, the state

court officials, and the clerks who denied Petitioner's applications have strong interests in the courts

and the policies of the courts.  Further, there may be other defenses available for the appropriate

defendants in a civil rights action that would not be available to Respondent Gerald Hofbauer in a

habeas action.  In a similar case, *Ziegler v. Birkett*, 2004 WL 1765516 (E.D. Mich, July 19, 2004),

the court denied habeas review of an access to courts claim where the Petitioner was asserting that

Mich. Comp. Laws § 600.2963 is unconstitutional and that the court improperly denied review of

his misconduct convictions.  The court explained that, "[a] federal habeas court cannot review any

error in a state collateral proceeding where the error alleged has nothing to do with the petitioner's

confinement."

Recently, in the civil rights action of *Bridges v. Collette*, 2008 WL 53771, *slip op.*
*(*W.D. Mich. Jan. 2, 2008), Judge Enslen held that Mich. Comp. Laws § 600.2963(8), read in

conjunction with § 600.2963(7), was constitutional because judges are allowed to waive the rejection

of suits brought by indigent suitors with unpaid balances.

Accordingly, it is respectfully recommended that the petitions for writs of habeas

corpus be denied.

In addition, if Petitioner should choose to appeal these actions, I recommend that a

certificate of appealability be denied as to each issue raised by the Petitioner in the applications for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined Petitioner's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Petitioner should not be able to assert an access to the courts claim in a habeas action against an improper respondent that has no interest in the access to the courts claim and was not involved in the denial of Petitioner's alleged access to the courts.  Moreover, Petitioner has not established that he was denied a constitutional right when his state court application was rejected.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability in each case.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 15, 2008